Thacher, J.
There is no question in my mind that the defendant, Bowker, made a legal service of the execution. It appears by the state of facts, that the present plaintiff made the note declared on in Sweetser's action, and that the writ was served on him in that action ; if he was not properly described in the writ, he should have taken advantage of the mistake by a plea in abatement; this he did not do, but permitted judgment to be rendered against him. An execution issued on that judgment, directed to the present defendant, whose duty it was to execute the precept. He was under no obligation to make inquiry into the regularity of the service of the original writ.
Whether that service was regular or irregular, it would make no difference as to Bowker. With the execution in his possession, he finds within his precinct the goods of Smith, which the officer takes and sells as he is commanded, and, therefore, he cannot be considered as a trespasser. [ * 80 ] * Sedgwick, J. The plaintiff has neither law nor justice on his side. The original judgment, of the execution of which this action complains, was for a debt justly due, for which a promissory note had been given by the plaintiff in this action ; the process had been legally served ; so that Smith might have appeared *61 had he pleased, and abated the writ for the wrong description which was given of the place of his domicil. This he neglected to do; but endeavors to punish, by this action, the officer for duly serving the execution. No one can possibly doubt what the justice of the case requires. In point of precedent, the case Crawford vs. Satchwell is decisive. Crawford, by the Christian name of Archibald, brought trespass and false imprisonment against Satchwell; Satchwell justified under a capias ad satisfaciendum upon a judgment against Arthur Crawford, and averred that the plaintiff in the action was the same person who was sued by the name of Arthur. On demurrer, the court held it a good plea, the defendant (in the first action) having missed his time for taking advantage of the misnomer, which should have been by pleading it in that action.
That case goes the full length of the case now under consideration. Here the plaintiff made the note declared on in the first action: the writ was duly served on him: instead of appearing and taking advantage of the misnomer, he permitted judgment to go against him by default; and he now attempts to punish the officer who faithfully executed the judgment thus obtained. There is neither honor nor honesty in this attempt.
Strong, J.
It is confessed, by the facts, that the plaintiff is the person who made the note declared on in the original action, and who was served with the summons. The defendant has in his hands an execution issued on the judgment rendered in that action, directing him to take the * property of Aaron [ * 81 ] Smith, the present plaintiff, described as of Orange. The defendant finds, within his precinct, the property of the plaintiff, on which he levies the execution. The question is, whether the defendant was bound to inquire as to the service of the original writ. He certainly was not. The officer is not holden to look beyond his execution. It might, perhaps, be a question whether the judgment, rendered as that was, on default, might not be reversed; but with that question the officer has nothing to do. I have never known a question like this, except in cases of writs of error; but I think that the defendant in the original action could take advantage of the mistake in the writ only by pleading in abatement. Be that as it may, I am clear that the present defendant has legally executed his writ, and that he is, therefore, upon the state of facts submitted, entitled to judgment.

Judgment for the defendant.